FILED
United States Court of Appeals
Tenth Circuit

May 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LUIS ABRAHAM IBARRA-
VERGARA,

      Defendant-Appellant.

No. 11-1391
(D.C. No. 1:11-CR-00047-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining counsel's *Anders* brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Luis Abraham Ibarra-Vergara is a native and citizen of Chile. In 1977, as a

teenager, he was allowed to enter the United States in order to apply for political

asylum. For reasons that are not clear, he did not immediately apply.

---

[*]     This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

In 1983, Mr. Ibarra was convicted in state court in Colorado of first-degree sexual assault for forcing a woman, at gunpoint, to perform oral sex on him. He was sentenced to eight years' imprisonment. He was released on parole in November 1986 and applied for asylum a month later. An immigration judge in Denver denied the application and ordered Mr. Ibarra excluded from the United States. He was deported in February 1987. He returned to the United States without authorization at an unknown date and has been in this country since that time.

After returning, Mr. Ibarra's troubles with the law continued. Between 2001 and 2009, he pleaded guilty in state court to (1) leaving the scene of an accident and lying to police officers; (2) driving without a license; (3) fraudulently obtaining worker's compensation, a felony; and (4) lying on a rental application, also a felony. For the latter conviction, Mr. Ibarra spent less than a year in prison before being paroled. His parole officers alerted federal immigration authorities to his lack of citizenship. He was arrested, detained in an immigration jail, and charged in federal district court in Colorado with a violation of 8 U.S.C. §§ 1326(a), (b)(2) for illegal reentry into the United States after a deportation. In April 2011, he pleaded guilty to the single-count indictment.

A presentence investigation report ("PSR") prepared in advance of sentencing assigned Mr. Ibarra a criminal history category of III and an offense level of 21, resulting in an advisory Guidelines range of 46 to 57 months. The

magnitude of the offense level was due primarily to Mr. Ibarra's 1983 sexual-assault conviction, which qualified for a 16-level enhancement as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2010). This created a paradox, however. The 1983 conviction, although taken into account for offense-level purposes, was too old to bear upon Mr. Ibarra's criminal history because it occurred more than fifteen years ago. *See id.* § 4A1.1 cmt. n.1 (2010) ("A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted [for criminal-history purposes] . . . .").

The United States Sentencing Commission has since addressed this anomaly, amending U.S.S.G. § 2L1.2(b)(1)(A)(ii) to provide for an enhancement of 12, rather than 16, levels if a prior crime-of-violence conviction does not garner criminal-history points. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2011); *see also id.* § 2L1.2 cmt. n.1(C). The amendment became effective November 1, 2011—officially a little more than two months too late for Mr. Ibarra, who was sentenced in August.

Although Mr. Ibarra did not object to the PSR's calculations, he did request a variance, arguing that the 1983 conviction, at nearly thirty years old, was stale. He asked that the court vary downward four levels—the difference between the 16-level enhancement he actually received and the 12-level enhancement he would have received under the amended, though not yet effective, Guideline. A

four-level reduction would place his offense level at 17 and his advisory Guidelines range at 30 to 37 months. He requested a sentence of 30 months.

The government objected to the variance, but the district court granted it. To deny Mr. Ibarra the benefit of a Guidelines amendment two months before it became effective would be "inappropriate," the court found. R., Vol. 2, at 34 (Sentencing Tr., Aug. 17, 2011). It nonetheless rejected Mr. Ibarra's request for a 30-month sentence and fixed his sentence at 37 months, the top of the new (variance) Guidelines range, because it "view[ed] the defendant's past criminal record as serious." *Id.* at 35. The court considered the factors at 18 U.S.C. § 3553(a) in imposing a final sentence. *Id.* at 37 (considering "the nature and circumstance of the offense and the history and characteristics of [the] defendant").

Following timely notice of appeal, counsel for Mr. Ibarra filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. We requested Mr. Ibarra to respond to counsel's *Anders* brief by March 19, 2012. He failed to meet that deadline, and the government has decided not to file a response.

When defense counsel files an *Anders* brief, our obligation is to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744. We have done so, and we agree with defense counsel that Mr. Ibarra has no non-frivolous grounds for appeal. We see

no jurisdictional defect in his conviction and have no reason to question the voluntariness of his plea. As for sentencing, the only contested issue was one on which Mr. Ibarra ultimately prevailed: a requested downward variance in light of an upcoming amendment to the Sentencing Guidelines. We detect no error in the way the district court calculated Mr. Ibarra's sentence. Furthermore, because 37 months is below the Guidelines range of 46 to 57 months, the sentence is presumptively reasonable, and we see no basis on which Mr. Ibarra could rebut that presumption. *See United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012).

Counsel tells us that Mr. Ibarra wishes to challenge the effectiveness of his trial attorney, but counsel is correct that we prefer to hear such claims in post-conviction proceedings (as to federal prisoners) under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." (quoting *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)) (internal quotation marks omitted)).

Having reviewed the record thoroughly, we are persuaded that Mr. Ibarra can raise no meritorious issue on appeal. We therefore **AFFIRM** Mr. Ibarra's

conviction and sentence and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge